B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Luis Ivan Marrero Martinez and Ana Evelyn Ortiz Santos | Scotiabank of Puerto Rico<br>Alejandro Oliveras Rivera, Esq.<br>Standing Chapter 13 Trustee |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Roberto Figueroa Carrasquillo<br>USDC #203614<br>R. Figueroa Law Office PSC<br>PO Box 186 Caguas PR 00726<br>Tel (787)744-7699 Fax (787)746-5294 E-Mail: rfigueroa@rfclawpr.com | Jose F Cardona Jimenez<br>Cardona Jimenez Law Offices, PSC<br>PO Box 9023593<br>San Juan PR 00902-3593<br>Tels: (787)724-1303, Fax No. (787)724-1369<br>E-Mail: jf@cardonalaw.com |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☑ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to determine validity of mortgage lien over the Debtors' residential real property.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☑ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Luis Ivan Marrero Martinez and Ana Evelyn Ortiz Santos | BANKRUPTCY CASE NO.<br>18-03283-BKT13 | |
| DISTRICT IN WHICH CASE IS PENDING<br>District of Puerto Rico | DIVISION OFFICE<br>Old San Juan | NAME OF JUDGE<br>Hon. Brian K. Tester |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF<br>NONE | DEFENDANT<br>DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*[signature]* | | |
| DATE<br>June 20, 2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Roberto Figueroa Carrasquillo<br>USDC #203614 | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO 18-03283 (BKT) |
| LUIS IVAN MARRERO<br>ANA EVELYN ORTIZ SANTOS | CHAPTER 13 |
| DEBTORS | ADVERSARY PROC. NO. |
| LUIS IVAN MARRERO<br>ANA EVELYN ORTIZ SANTOS | COMPLAINT TO DETERMINE<br>VALIDITY OF LIEN<br>RULE 7001(2) FRBP |
| PLAINTIFFS | |
| V. | |
| SCOTIABANK DE PUERTO RICO; | |
| ALEJANDRO OLIVERAS RIVERA, ESQ.<br>STANDING CHAPTER 13 TRUSTEE | |
| DEFENDANTS | |

## COMPLAINT

**TO THE HONORABLE COURT:**

COME NOW, **LUIS IVAN MARRERO and ANA EVELYN ORTIZ SANTOS**, Plaintiffs/Debtors, through the undersigned attorney, and very respectfully state and pray as follows:

### I. INTRODUCTION AND NATURE OF REMEDY REQUESTED

1. This proceeding is brought by Plaintiffs requesting this Honorable Court, pursuant to Rule 7001(2) of the Federal Rules of Bankruptcy Procedure ("FRBP"), to determine the validity of a presumptive mortgage lien held by Defendant Scotiabank De

Puerto Rico ("Scotiabank"), in a real property owned by the Plaintiffs/Debtors located in Caguas, Puerto Rico. The Plaintiffs/Debtors seek a determination that proof of claim number 3-1 filed by Scotiabank purportedly secured by a mortgage lien against the property, is entirely dischargeable as an unsecured claim, as a matter of applicable law. In support of this Complaint, Plaintiffs state as follows.

## II. JURISDICTION

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(b). This action is a core proceeding.

## III. PARTIES

3. Plaintiffs Luis Ivan Marrero and Ana Evelyn Ortiz Santos are the Debtors in the above captioned bankruptcy case (Case No. 18-03283-BKT13).

4. Defendant Scotiabank is a creditor in the above captioned bankruptcy case, having filed a proof of claim ("POC") #3-1, in said bankruptcy case.

5. Alejandro Oliveras Rivera, Esq., is the appointed Chapter 13 Trustee, in the above captioned bankruptcy case.

## IV. STATEMENT OF FACTS

### A. The Property

6. On June 29, 2011, Plaintiffs acquired a real property located at Urb Borinquen Valley II 468 Capuchino Street, Caguas, Puerto Rico 00725 (hereinafter "the Property").

7. The aforementioned property is described, in the Spanish language, as follows:

> "URBANA: Solar marcado con el numero 468 en el Plano de Inscripción de la urbanización Borinquen Valley "Phase" II del término Municipal de Caguas, Puerto Rico, con un área superficial de 300.00 metros cuadrados. En lindes por el NORTE: en 12.00 metros con la calle Capuchino; SUR en 12.00 metros con el "Buffer Zone": ESTE: en 25.00 metros con el solar #467 y por el OESTE: en 25.00 metros con el solar #469. En este solar enclava

casa de hormigón armado de una planta.

### B. The Presumptive Mortgage Deed (#183)

8. On June 29, 2011, the Plaintiffs/Debtors ("Purchasers") and Borinquén Valle S.E. ("Seller"), executed a Purchase Deed ("*Escritura de Segregación, Liberación y Compraventa*") Number 182, before Notary Public Elyvette Fuentes Bonilla, whereby the purchasers acquired the Property.

9. On June 29, 2011, Plaintiffs executed a Mortgage Note (*"Pagare Hipotecario"*) in the sum of $160,792.00 in favor of Defendant Scotiabank.

10. The aforementioned $160,792.00 mortgage note was presumptively guaranteed with Mortgage Deed No.183 entitled in the Spanish language *Escritura de Hipoteca*, executed on June 29, 2011, before Notary Public Elyvette Fuentes Bonilla.

11. That on July 28, 2011, the aforementioned Purchase Deed No. 182 and the presumptive Mortgage Deed No. 183 both were presented ("*presentada*") at the Puerto Rico Property Registry, *Asiento* 1522, *Diario* 1161.

12. That both the Purchase Deed No. 182 and the presumptive Mortgage Deed No. 183 have not been duly recorded at the Puerto Rico Property Registry due to certain defects which prevent its registration.

### C. The Bankruptcy Court Proceedings

13. That on June 11, 2018, the herein Plaintiffs filed the above captioned bankruptcy petition under Chapter 13 of the Bankruptcy Code, 11 U.S.C. 1301 *et seq.*

14. That on July 06, 2018 Scotiabank filed a secured claim number 3-1, (POC #3-1), whereby it claims a secured classification based on a presumptive mortgage lien over the Property.

15. That POC #3-1 claims that the $160,792.00 note is allegedly guaranteed with Mortgage Deed No. 183.

16. That in their Chapter 13 case, the herein Plaintiffs/Debtors are claiming full homestead exemption (100% exempt) over the Property pursuant to the Puerto Rico Homestead Act (Law #195). That on May 14, 2018 a Homestead Deed #35 *"Acta Notarial Para Establecer Hogar Seguro"* was executed before Notary Public Jorge Figueroa Ortiz and on May 15, 2018 the same was presented *"presentada"* at the Puerto Rico Property Registry, *Asiento* 2018-044366-CA01.

### D. FIRST CLAIM

17. The allegations of paragraphs 1-16 above are re-alleged and are incorporated herein by reference.

18. To the extent Defendant is claiming a security or a secured classification based on a mortgage lien which was incorrectly registered over the Property, Defendant's mortgage lien is not a valid lien.

19. Based on Puerto Rico Law, any mortgage must satisfy three requisites in order to be validly constituted: (1) be stipulated in a deed; (2) secure the fulfillment of a principal obligation and; (3) **be recorded at the Registry of Property**.

20. This last requisite is essential in its nature because without the recording the mortgage deed turns the promissory note into a personal obligation, unsecured, solely enforceable against the maker. <u>In Re: Santos Ortega Ramos</u> Case No.17-00092-BKT District of Puerto Rico.

21. That pursuant to information obtained from the Puerto Rico Property Registry, Caguas Section, both the Purchase Deed No. 182 and the Mortgage Deed No. 183 were

not recorded prior to the filing of the Debtor's Bankruptcy Case.

22. That said, the failure of not recording the Purchase Deed No. 182 implies that it is impossible under Puerto Rico Law for Scotiabank to have a valid lien. Thus, Defendant's mortgage lien is not a valid lien and is entirely dischargeable as an unsecured claim, as a matter of applicable law.

**WHEREFORE**, the Plaintiffs pray that this Court enter a Judgment in favor of Plaintiffs and against Defendant as follows:

(a) declaring that Defendant's alleged mortgage lien over the Property is not a valid lien;

(b) declaring that claim number 3-1 (POC #3-13) is to be classified as a general unsecured claim, in the above captioned bankruptcy case; and

(c) granting such other or further relief as is appropriate.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court grant the present complaint and granting such and further relief as is appropriate.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 20th day of July, 2018.

/s/ROBERTO FIGUEROA CARRASQUILLO
USDC #203614
RFIGUEROA CARRASQUILLO LAW OFFICE PSC
ATTORNEY FOR PLAINTIFFS
PO BOX 186 CAGUAS PR 00726-0186
TEL. 787-744-7699 FAX 787-746-5294
EMAIL: rfigueroa@rfclawpr.com